IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MAE JACKSON, AS GUARDIAN OF
TOMMY JACKSON                                                                                          PLAINTIFF

vs.                          CASE NO.: 2:23-CV-00093-LPR

CITY OF FORREST CITY ARKANSAS
CARL CANNON, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,
CHRISTOPHER COLLINS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,
CATHY RIGGINS-GAHR, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY                                                                  DEFENDANTS

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING CRIMINAL DISPOSITION**

COME NOW Defendants, Christopher Collins and Kathy Riggins-Gahr, each in their individual and official capacities, and the City of Forrest City, Arkansas, by and through undersigned counsel, Gabrielle Gibson, for their Brief in Support of Defendants' Motion to Stay Proceedings Pending Criminal Disposition, and state as follows:

**INTRODUCTION**

On January 20, 2023, Plaintiff filed the instant civil lawsuit against Defendants, asserting federal claims that stem from Mr. Jackson's arrest for Resisting Arrest and Indecent Exposure, which led to the start of his state criminal proceedings that are currently ongoing. **See Exhibits 1-5.** Mr. Jackson is being prosecuted in St. Francis County District Court, and his criminal charges have not yet been adjudicated. **See Exhibits 3-5.** For the reasons set forth herein, Defendants request that this Court stay this case pending the final disposition of Mr. Jackson's criminal charges.

1

## ARGUMENT

Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "This exercise of jurisdiction is constrained, however, by traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138 (8th Cir. 1990). The United States Supreme Court has established several limited abstention doctrines to preserve such principles. *Beavers v. Ark. State Bd. of Dental Exam'rs*, 151 F.3d 838, 840-41 (8th Cir. 1998). One such abstention doctrine is set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine directs federal courts to abstain from accepting jurisdiction in cases where granting equitable relief would interfere with pending state proceedings involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. See *Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

The *Younger* doctrine provides that federal courts must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar*

*Ass'n*, 457 U.S. 423, 435 (1982). This bad-faith exception must be "construed narrowly" and should only be invoked in "extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Aaron v. Target Corp.*, 357 F.3d 768, 779 (8th Cir. 2004) (internal citation omitted). In *Wallace v. Kato,* the United States Supreme Court reaffirmed the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 549 U.S. 384, 392 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 482 (1993)).

Here, all three elements of the *Younger* doctrine are met; thus, a stay of this case is appropriate as to not interfere with the pending state judicial proceedings against Mr. Jackson. The state has an important interest in enforcing its criminal laws, and Mr. Jackson has an adequate opportunity in the state proceeding to raise any constitutional challenges he may have. If evidence in Mr. Jackson's criminal cases establishes that he committed the crimes for which he has been charged, said evidence would be directly related to the use of force against Mr. Jackson. One of the *Graham* factors analyzed to determine the reasonableness of an officer's use of force is whether the person actively resisted arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Because these claims relate to rulings that "will likely be made in a pending or anticipated criminal trial," the principles of *Wallace* dictate that Plaintiff's civil claims should be stayed until Mr. Jackson's criminal charges have been resolved. 549 U.S. at 393.

## CONCLUSION

Because Mr. Jackson's criminal proceedings are inextricably intertwined with this case, Defendants request that this Court stay this case and administratively terminate Plaintiff's Complaint pending the final disposition of the criminal charges against Mr. Jackson pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971); *see also*, *Buford v. Wright,* No. 3:10-CV-00247, 2011 WL 3758389, at *2 (E.D. Ark. Aug. 25, 2011).

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Stay Proceedings Pending Criminal Disposition, stay and administratively terminate this case pending the final disposition of Mr. Jackson's criminal charges, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

**DEFENDANTS**

By: Gabrielle Gibson, Bar No. 2018113
    Attorney at Law
    P.O. Box 38
    North Little Rock, AR 72115
    Tel: 501-537-3783
    Fax: 501-537-7258
    Email: ggibson@arml.org